# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-1278

_____

United States of America

*Plaintiff - Appellee*

v.

Patrick Lloyd Hofstad

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of North Dakota - Bismarck

_____

Submitted: March 12, 2018
Filed: June 25, 2018
[Unpublished]

_____

Before GRUENDER, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Patrick Hofstad was indicted for several drug offenses related to a conspiracy to distribute methamphetamine. During his pretrial confinement, Hofstad was brutally assaulted by another inmate. He suffered a skull fracture from the incident, and doctors inserted a metal plate and screws into his head to repair the damage. Hofstad subsequently pleaded guilty to one count of conspiracy to distribute and to

possess with intent to distribute a controlled substance. *See* 21 U.S.C. §§ 841(a)(1) & 846. The district court[1] then granted Hofstad's motion for pre-sentencing release on the basis of his ongoing medical needs related to the attack. *See* 18 U.S.C. § 3145(c) (authorizing the release of detainees where "exceptional reasons" are clearly shown).

At sentencing, Hofstad argued for a downward departure under United States Sentencing Guidelines § 5H1.4, which allows courts to consider a defendant's "extraordinary physical impairment" in fashioning a sentence. The district court denied the requested departure, concluding that Hofstad's physical condition was not sufficiently "extraordinary" to warrant a lower sentence. The court did, however, vary downward from Hofstad's advisory guidelines range of 188 to 235 months, sentencing him to 156 months' imprisonment. Hofstad now appeals his sentence, arguing that the district court clearly erred in finding that his condition was not "extraordinary" in light of its earlier determination that his injuries were sufficiently "exceptional" to warrant his pre-sentencing release.

"Under the advisory guidelines, we generally will not review the district court's refusal to grant a downward departure unless the district court had an unconstitutional motive or erroneously thought that it was without authority to grant the departure." *United States v. Varner*, 678 F.3d 653, 658 (8th Cir. 2012) (internal quotation marks omitted). Hofstad identifies no unconstitutional motive, nor does the record betray any. Further, the district court expressly acknowledged its authority to grant a departure under § 5H1.4, but it chose not to do so because Hofstad's undisputed physical impairments were not "so extraordinary and so unusual" as to justify a

---

[1]The Honorable Daniel L. Hovland, Chief Judge, United States District Court for the District of North Dakota.

departure.  That determination fell within the district court's discretion.  *See Varner*, 678 F.3d at 659.

Accordingly, Hofstad's sentence is affirmed.

_____